**FILED**

**DECEMBER 13, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

**07 C 7025**

| | | |
|---|---|---|
| ALI AL-KANANI, | ) | |
| | ) | Case No: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge: |
| | ) | |
| RUTH A. DOROCHOFF, in her official | ) | Magistrate Judge |
| capacity as District Director of United | ) | |
| States Citizenship and Immigration | ) | |
| Services, | ) | |
| | ) | |
| Defendant. | ) | |

**JUDGE HART**
**MAGISTRATE JUDGE MASON**

**J. N.**

**COMPLAINT FOR WRIT OF MANDAMUS**

Plaintiff Ali Al-Kanani ("Plaintiff"), by and through his attorneys, the Law Offices of Kameli & Associates, P.C., respectfully requests an order directing Defendant, Ruth A. Dorochoff ("Defendant"), to adjudicate Plaintiff's Form I-485 Application to Register Permanent Residence or to Adjust Status (the "Application"), and in support of thereof, states as follows:

**JURISDICTION AND VENUE**

1.      This is a civil action brought pursuant to 28 U.S.C. § 1361 to redress the deprivation of rights, privileges, and immunities secured to Plaintiff, and to compel Defendant, an officer of the United States, to perform her duty owed to Plaintiff.

2.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331, which provides "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  As this Court is a district court of the United States and this action arises under 28 U.S.C. § 1361, a law of the United States, this Court is conferred jurisdiction over this matter.  This Court is additionally conferred jurisdiction over this matter pursuant the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 704, and 706.

3.      Venue is proper under 28 U.S.C. § 1391(b), since Defendant is the District
Director of United States Citizenship and Immigration Services ("USCIS"), an agency of the
United States Department of Homeland Security, an agency of the United States Government,
located at 101 West Congress Parkway, Chicago, Illinois. Venue in the Northern District of
Illinois is also proper under 28 U.S.C. § 1391(e), because a substantial part of the events or
omissions giving rise to the claim occurred in this district, Plaintiff resides in this district, and no
real property is involved in the action.

**PARTIES**

4.      Plaintiff is a native and citizen of Iraq currently residing in Chicago, Cook
County, Illinois.  Plaintiff's alien number is A 79-816-112.

5.      Defendant is the Chicago District Director of USCIS, an agency of the United
States Department of Homeland Security.  As such, she is charged with the duty of
administration and enforcement of all the functions, powers, and duties of USCIS.

**FACTS**

6.      On September 25, 2001, Plaintiff was admitted to the United States as a refugee
pursuant Immigration and Nationality Act ("INA") § 207, codified as 8 U.S.C. § 1157.

7.      Plaintiff filed his Application with USCIS on November 6, 2002, seeking to
adjust his status to that of lawful permanent resident pursuant INA § 209, 8 U.S.C. § 1159.
Exhibit A.

8.      Beginning in September 2006, and continuing until the present, Plaintiff sought
support from his congressional representatives in obtaining an adjudication of his Application.

9.      USCIS' repeated responses to Plaintiff, via Member of Congress Jan
Schakowsky, simply stated that Plaintiff's background check had not yet been completed.

10.    Plaintiff has attended multiple biometrics background checks in furtherance of his Application.

11.    USCIS' online case status search indicates that Plaintiff's Application is pending, although it notes that the fingerprints review has been completed.

12.    8 C.F.R. § 209.2 provides that the Service director having jurisdiction over an application will determine, on a case-by-case basis, whether an interview by an immigration officer is necessary to determine the applicant's admissibility for permanent resident status.

13.    To date, USCIS has not scheduled an interview concerning Plaintiff's Application and USCIS's online 'case status search' database indicates that Plaintiff's Application is pending.

14.    More than five years and one month have passed since Plaintiff filed his Application with USCIS.

## CLAIMS FOR RELIEF

15.    28 U.S.C. § 1361 grants district courts jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.  Mandamus jurisdiction can be invoked when: (1) the plaintiff has a clear right to the relief sought; (2) the defendant has a clear duty to perform; and (3) no other adequate remedy is available.  Blaney v. U.S., 34 F.3d 509, 513 (7th Cir. 1994); Razik v. Perryman, 2003 U.S. Dist. LEXIS 13818, 9-10 (N.D. Ill. 2003); Krishnamoorthy v. Ridge, 2003 U.S. Dist. LEXIS 8381 (N.D. Ill. 2003)

16.    8 U.S.C. § 1159(a)(2) provides that "[a]ny alien who is found upon inspection and examination … to be admissible … as an immigrant under this Act … shall, notwithstanding any numerical limitation specified in [the INA], be regarded as lawfully admitted to the United

States for permanent residence." Once an adjustment of status application is properly before USCIS, the agency has an affirmative, nondiscretionary duty to process that application.

17.     Although 8 U.S.C. § 1159 and its concurrent regulations do not provide for a time frame within which USCIS must adjudicate adjustment applications, the APA requires that applications be processed in a reasonable time. See 5 U.S.C. § 555(b), 5 U.S.C. § 706(1).

18.     USCIS' duty to adjudicate adjustment of status applications in a reasonable amount of time is mandatory rather than discretionary. Krishnamoorthy, 2003 U.S. Dist. LEXIS 8906 at 9; Paunescu, 76 F. Supp.2d at 901. Defendant has violated her mandatory duty to process Plaintiff's Application within a reasonable amount of time because USCIS has made no progress in completing Plaintiff's Application for over five years and one month.

19.     Defendant, in violation of the 5 U.S.C. §§ 555(b) and 706(1), is unlawfully withholding or unreasonably delaying a decision on Plaintiff's Application, and thus has not completed the adjudicative functions delegated to her by the laws of the United States with regard to said Application.

20.     Plaintiff has no other adequate remedy for relief other than to compel Defendant through this mandamus action to process his Application. Administrative action is not available to Plaintiff until USCIS makes a decision on his Application. Plaintiff has exhausted every administrative or other remedy that may exist.

WHEREFORE, Plaintiff Ali Al-Kinani respectfully requests this Honorable Court grant the

following relief:

     (a)     Compel Defendant and those acting under her to perform their duty to rule upon Plaintiff's pending Form I-485 Application;

     (b)     Grant attorney's fees and costs of court; and,

     (c)     Grant any and all other relief this Court deems fair and just.

Respectfully submitted,

**KAMELI & ASSOCIATES, P.C.**

/s/John R. Floss/

Law Offices of Kameli & Associates, P.C.
111 East Wacker Drive, Suite 555
Chicago, Illinois  60601
(312) 233-1000 – phone
(312) 233-1007 – facsimile
kameli@aol.com

**Dated: December 13, 2007**